IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARROD HAMMONDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1661-N-BN |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

On November 16, 2017, Defendant Dallas County, the sole defendant, moved to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 18. Plaintiff Jarrod Hammonds has responded to that motion, *see* Dkt. Nos. 20 & 24, and Dallas County has filed a reply brief, *see* Dkt. No. 22.

Hammonds now moves for default judgment against Dallas County, claiming that the County "failed to appear and wholly made default." Dkt. No. 25.

Default judgment against Dallas County is not proper. Its filing of the motion to dismiss "stayed the time to file a responsive pleading." *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (per curiam) (citing FED. R. CIV. P. 12(a)(4)); *see, e.g., Mayer v. Wells Fargo Bank, N.A.*, No. 15-12503, 2015 WL 7733454, at *5 (E.D. Mich.

Dec. 1, 2015) ("Defendant filed a Motion to Dismiss in lieu of an Answer which is allowed under Rule 12(b)(6). As set forth in Rule 55(a), an opposing party may 'otherwise defend' the action, which Defendant has done by filing a Motion to Dismiss under Rule 12(b)(6). Plaintiff is not entitled to a default judgment since Defendant has appeared to defend the action."); *cf.* FED. R. CIV. P. 55 advisory committee's note, 2007 Amendments, Subdivision (a) ("Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule."); *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012) ("a § 1915(e) motion is effectively treated as a 12(b) motion and, accordingly, as an effort to 'otherwise defend' under the default judgment rule" (quoting Fed. R. Civ. P. 55(a))); *Ross v. Creative Image Techs., LLC*, No. 3:13-CV-3, 2013 WL 2404234, at *2 (W.D. Ky. May 31, 2013) ("Simply put, by filing a motion to stay this proceeding, [defendants] showed a desire to contest the action. Entering a default against them would thus be inappropriate." (citation omitted)).

## Recommendation

The Court should deny Plaintiff Jarrod Hammonds's motion for default judgment [Dkt. No. 25].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE