IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARROD HAMMONDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1661-N-BN |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

On November 16, 2017, Defendant Dallas County, the sole defendant, moved to dismiss this action under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). *See* Dkt. No. 18. Plaintiff Jarrod Hammonds responded to that motion, *see* Dkt. Nos. 20, and Dallas County filed a reply brief, *see* Dkt. No. 22. Hammonds also has filed, after the filing of the reply brief, Objection and Response by Affidavit [Dkt. No. 24], which is construed as a unauthorized sur-reply, *see* Dkt. No. 19; N.D. TEX. L. CIV. R. 7.1.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should grant the motion to dismiss in part and dismiss the complaint without prejudice to Hammonds filing and serving an amended complaint consistent with these findings,

conclusions, and recommendation.

## Applicable Background

Hammonds, who paid the statutory filing fee, initiated this action through a pleading titled "Claim: Tort, Conversion, Extortion" [Dkt. No. 2], in which he alleges that he owns "property at 315 South Horne Street, Duncanville, Texas" and claims that Dallas County "administered [that] property without [his] consent"; "attempted and continues to attempt to extort money from [him]"; and has "tresspass[ed]," *id.* at 1. Hammonds seeks $75 million "and for [his] property to be taken off the tax roll and returned to [him] by [the] sheriff department." *Id.*

Dallas County moves to dismiss this action for lack of subject-matter jurisdiction, because Hammonds fails to plausibly allege cognizable claims, and for insufficient service of process. *See* Dkt. No. 18. And Hammonds has responded to that motion by (1) asserting that jurisdiction "is proper because, i, a man, am not a resident of Texas [Diversity], also Dallas County has and continues to cause me harm by administering my property"; (2) claiming that Dallas County's motion to dismiss "is void on its face"; and (3) questioning the authority of the Court – e.g., "I now require Judge David C. Godbey to put his oath of office and his bond information in the record to show his authority and for accountability in this claim." Dkt. No. 20 at 1.

## Legal Standards and Analysis

I.  Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election*

*Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack of subject is considered "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, however, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through

-3-

some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

Taking federal question jurisdiction under 28 U.S.C. § 1331 first, Hammonds fails to allege "either that federal law creates the cause of action or that [his] right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). That is, his complaint

-4-

fails to specify – or articulate facts from which it may be plausibly inferred that there is – "some substantial, disputed question of federal law." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)); *see also Jolly v. Klein*, 923 F. Supp. 931, 941 (S.D. Tex. 1996) ("In the absence of diversity of citizenship, it is essential that a substantial federal question be presented to support jurisdiction." (citing *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974))).

That leaves diversity jurisdiction under 28 U.S.C. § 1332 – the basis for subject-matter jurisdiction that Hammonds points to in responding to the motion to dismiss. *See* Dkt. No. 20 at 1 (asserting that he is "not a resident of Texas [Diversity]").

"In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("*Preston I*") (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). While "[e]vidence of a person's place of residence" serves as "prima facie proof of his domicile," *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) (citing *Preston I*, 485 F.3d at 799),

> [i]n determining a party's domicile, the Court must address a variety of factors including the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has drivers and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Dulfer v. Seton Healthcare, Inc.*, No. A-11-CV-911-LY, 2012 WL 6212833, at *2 (W.D.

Tex. Dec. 13, 2012) (citing *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)), *rec. accepted*, No. A-11-CV-911-LY, Dkt. No. 27 (W.D. Tex. Jan. 29, 2013).

The allegations of the complaint, although meager, raise plausible inferences that Hammonds owns real property in Texas on which he pays taxes, *see* Dkt. No. 2, which – along with that he has provided the Court with the address in Ducanville as his point of contact – could implicate domicile in Texas. But Hammonds's assertion that he is "not a resident of Texas" – and therefore not domiciled in Texas – is supported by evidence presented in the unauthorized sur-reply. *See* Dkt. No. 24. Therein, Hammonds claims that he is a resident of Louisiana, *see id.* at 1, and provides: (1) an unexpired Louisiana drivers license, issued in May 2017 and listing an address in Shreveport, *see id.* at 5; (2) a Special Warranty Dead for the property in Duncanville, which associates Hammonds with a second address in Shreveport, *see id.* at 6; and (3) a state-court petition that Dallas County filed against Hammonds, in October of 2016, concerning the property in Duncanville, which describes him "as a non-resident individual, whose mailing address is [in] Shreveport," *id.* at 7.

The Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Under this obligation, the Court will consider the sur-reply [Dkt. No. 24]. And, considering that filing in the context of a factual attack on subject-matter jurisdiction – under which the Court "is free to weigh the evidence and satisfy itself as to the existence of its power

to hear the case," *Mortensen*, 549 F.2d at 891 – the undersigned finds – particularly because Hammonds obtained (or renewed) a Louisiana drivers license the month before this lawsuit was filed – that Hammonds has established that, at least when he filed this action, his domicile was in Louisiana and therefore has established that the Court possesses subject-matter jurisdiction under Section 1332. *Cf. Vela v. Manning*, 469 F. App'x 319, 320 (5th Cir. 2012) (per curiam) ("When bringing suit in federal court, '[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" (quoting *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000))).

The Court should therefore deny the motion to dismiss under Rule 12(b)(1).

Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

-7-

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal

theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade*, 459 F.3d at 543; *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

Here, a single bullet point on the one page of substantive allegations in Hammonds's two-page complaint alleges how Dallas County has harmed him: "Dallas County[] has attempted and continues to attempt to extort money from me through fictitious obligation, mail fraud and by falsifying records." Dkt. No. 2 at 1 (further characterizing the alleged harms as trespass). These allegations, not much more than labels, are conclusory and therefore not factually sufficient to assert claims that have substantive plausibility. *See, e.g., Amazon Tours, Inc. v. Quest Global Angling Adventures, L.L.C.*, No. 3:03-cv-2551-M, 2004 WL 1788078, at *1 (N.D. Tex. June 30, 2004) ("When considering a motion to dismiss, the Court accepts as true all well-pled allegations in the Complaint and views them in the light most favorable to the plaintiff. However, conclusory allegations or legal conclusions set forth as factual allegations will not prevent dismissal." (citations omitted)); *see also Iqbal*, 556 U.S. at 679 ("[P]leadings that ... are no more than conclusions ... are not entitled to the assumption of truth. [And, w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Hammonds has not therefore fulfilled his "burden" under Rule 8 – "to frame a 'complaint with enough

factual matter (taken as true) to suggest' that he ... is entitled to relief." *Robbins v. State of Oklahoma ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The Court should therefore grant the motion to dismiss under Rule 12(b)(6) without prejudice to Hammonds filing, within a reasonable period of time to be set by the Court, an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief. *See, e.g., Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009))).

Rule 12(b)(5)

The undersigned will briefly address why dismissal under Rule 12(b)(5) – which provides for dismissal for insufficient service of process, including for "the lack of delivery of the summons and complaint," *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008) – is not appropriate.

Dallas County claims that Hammonds "has failed to serve a copy of the summons on the chief executive officer of Dallas County in the manner prescribed by [Federal Rule of Civil Procedure] 4(j)(2) or Texas law." Dkt. No. 18 at 7. But Hammonds has filed a Proof of Service [Dkt. No. 16], to which is attached an email representing that, on October 31, 2017, a process server served Dallas County Judge Clay Jenkins, through a subordinate at an address consistent with Judge Jenkins's

office. The Court should liberally construe this filing as a service affidavit under Federal Rule of Civil Procedure 4(*l*). And, examining this filing against Dallas County's conclusory assertion otherwise, the undersigned cannot find that service was not proper under Rule 4, which requires that, "when a Texas county is sued, state law authorizes service only upon the County Judge, who is also the chief executive. Thus, service of process must be on the County Judge under either prong of Rule 4(j)(2)." *Starr v. El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 457311, at *2 (W.D. Tex. Feb. 4, 2010) (citing TEX. CIV. PRAC. & REM. CODE § 17.024(a)); *accord Clark v. Johnson Cty.*, No. 3:01-cv-2231-M, 2002 WL 912778, at *2 (N.D. Tex. Mar. 27, 2002) ("Federal Rule of Civil Procedure 4(j)(2) requires that service on a governmental organization subject to suit shall be effectuated by delivering a copy of the summons and complaint to its chief executive officer, which in this case is the County Judge."); *cf. Coleman v. Bank of N.Y. Mellon*, No. 3:12-cv-4783-M-BH, 2015 WL 5437661, at *6 (N.D. Tex. Aug. 14, 2015) (observing that, "because Defendant has also moved to dismiss [the] claims under Rule 12(b)(6), dismissal without prejudice for purposes of allowing Plaintiff to serve it properly is unnecessary" (citations omitted)), *rec. accepted*, 2015 WL 5439027 (N.D. Tex. Sept. 15, 2015).

The Court should therefore deny the motion to dismiss under Rule 12(b)(5).

## Recommendation

The Court should grant Defendant Dallas County's motion to dismiss in part by dismissing the complaint under Federal Rule of Civil Procedure 12(b)(6) without prejudice to Plaintiff Jarrod Hammonds filing, within a reasonable period of time to

-11-

be set by the Court, an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief and properly serving that amended complaint on Dallas County under Federal Rule of Civil Procedure 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE