IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JARROD HAMMONDS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:17-CV-1661-N |
| § | |
| **DALLAS COUNTY, TEXAS, et al.,** § | |
| § | |
| **Defendants.** § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case was automatically referred for full case management. Before the Court for recommendation is the *Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support of Defendants Dallas County, Texas and Lashon Butler*, filed July 18, 2018 (doc. 42). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I. BACKGROUND

Jarrod Hammonds (Plaintiff) sues Dallas County (the County), Dallas County Sheriff's Coordinator Lashon Butler (Coordinator) (collectively, Defendants), the City of Dallas (the City), and "John Doe 1-20"[1] for violations of his constitutional rights. (doc. 37 at 1.)[2] He seeks judgment against the defendants "jointly for conspiracy, severally and in the alternative, together with compensatory damages, surety bond, punitive damages, interest, cost of suit, time for law research, and any other relief the [C]ourt and jury deem equitable and just." (*Id*. at 2-3.)

Plaintiff alleges that he owns and has an "interest in property located at 315 South Horne

---

[1] Although Plaintiff also named several other individuals as defendants in his amended complaint, those individuals were dismissed from this case based on his later filed notice of voluntary dismissal. (*See* docs. 37 at 1; 55.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

St[.], Duncanville, Texas" (the Property).  (*Id*. at 1.)  On October 27, 2016, the County and other taxing units filed suit against him to collect delinquent taxes, penalties, and interest owed on the Property.  *See Dallas Cty. et. al v. Jarrod C. Hammonds*, No. TX-16-01886 (95th Dist. Ct., Dallas County, Tex. Oct. 27, 2016).  On May 24, 2017, a default judgment was entered against Plaintiff because he failed to appear or answer after having been served in the case.  *See id*.  He attempted "to reopen the case by petition and affidavit," but he was told that "the tax court [no] longer had jurisdiction based on the affidavit that was entered . . . ." (doc. 37 at 2.)  He claims that he informed the law firm for the County that the Property "was private property and not real property," but the Property was subsequently sold for $188,000, and he "has been deprived [of] his constitutional rights such that [the defendants] are [l]iable" because they failed "to properly train and inform causal agents who represent [the City] and [the County] in the collection" of his delinquent property taxes.  (*Id*.)

On June 23, 2017, Plaintiff filed his *pro se* complaint in this case alleging only state law claims against the County.  (*See* doc. 2.)  He sought $75 million "and for [his] property to be taken off the tax roll and returned to [him] by [the] sheriff['s] department." (*Id*. at 1.)  On November 16, 2017, the County moved to dismiss this action.  (*See* doc. 18.)  On April 26, 2018, it was recommended that the motion be granted in part, and that Plaintiff's claims be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, but that he be given an opportunity to amend.  (*See* doc. 34.)  On June 4, 2018, Plaintiff filed his amended complaint in this action under 42 U.S.C. § 1983.[3]  (doc. 37.)  On July 18, 2018,

---

[3] Although Plaintiff's amended complaint alleged claims under 18 U.S.C. §§ 241–42, 654, 1341; 15 U.S.C. § 1122; the Racketeer Influenced and Corrupt Organizations (RICO) Act; the Clayton Act; and the Sherman Act, he subsequently filed a document clarifying that this action arises only under 42 U.S.C. § 1983.  (docs. 37 at 1; 41.)

2

Defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (doc. 42.) With a timely-filed response and reply, the motion is now ripe for recommendation. (docs. 46-47.)

## II. RULE 12(b)(1)

Defendants move to dismiss this action for under Rule 12(b)(1) for lack of subject matter jurisdiction. (doc. 42 at 10-12.)

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from

3

pursuing a claim in a court that does have proper jurisdiction." *Id*. Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*.

Here, Defendants provide attachments in support of their motion to dismiss which include copies of the default judgment against Plaintiff, the order of sale for the Property, and the sheriff's return for the writ of execution. (doc. 42-1 at 1-7.) Their motion therefore represents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations. "Because Plaintiff does not contest Defendant[s'] proffered evidence, however, there are no disputed facts to resolve." *McClain v. Bueschel*, No. 3:09-CV-1721-M, 2010 WL 742452 at *2 (N.D. Tex. Mar. 2, 2010).

**B. Tax Injunction Act**

Defendants argue that the Court lacks subject-matter jurisdiction because Plaintiff "is barred from asserting a § 1983 action challenging the validity of the state tax system in federal court."[4]

---

[4] Although not all of the defendants have moved to dismiss Plaintiff's claims, a district court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

4

(doc. 42 at 10.)

The Tax Injunction Act (the Act) prohibits district courts from enjoining, suspending, or restraining "the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act "reflects the fundamental principle of comity between federal courts and state governments that is essential to Our Federalism, particularly in the area of state taxation." *Washington v. New Orleans City*, 424 F. App'x 307, 309–10 (5th Cir. 2011) (internal quotations omitted) (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981)).

The Fifth Circuit has held that "[s]ection 1341 is not 'a narrow statute aimed only at injunctive interference with tax collection, but is rather a broad restriction on federal jurisdiction in suits that impede tax administration.'" *Id*. at 310 (quoting *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980)); *see also Scott v. Dallas Cty. Appraisal Dist.*, No. 3:02-CV-0584-D, 2002 WL 1798912, at *2 (N.D. Tex. Aug. 2, 2002) (finding that although claims for monetary damages for civil rights violations "may not fall within the ambit of the [Act]," such claims are "precluded nonetheless."). "[B]asing a complaint upon alleged violation[s] of civil rights . . . or the Federal Constitution will [therefore] not avoid the prohibition contained in Section 1341." *Clark v. Andrews Cty. Appraisal Dist.*, 251 F. App'x 267, 268 (5th Cir. 2007); *see also Smith v. Travis Cty. Educ. Dist.*, 968 F.2d 453, 455–56 (5th Cir. 1992) (quoting *McNary*, 454 U.S. at 116) ("taxpayers are barred by the principles of comity from asserting § 1983 actions against the validity of state tax systems in federal court.'"); *Scott*, 2002 WL 1798912, at *2 ("The U.S. Supreme Court has repeatedly held that taxpayers may not challenge the validity of a state tax system in a federal civil rights action where state law provides an adequate remedy."). If an action is barred under the Act,

5

a district court may not assert jurisdiction "unless the State fails to supply a plain, speedy and efficient remedy for the taxpayers' claim." *Smith*, 968 F.2d at 456.

Here, although Plaintiff sues under § 1983 for alleged violations of his constitutional rights, he essentially seeks damages for the Property being sold to collect delinquent taxes. (doc. 37 at 1-3.) Specifically, he appears to allege that his constitutional rights were violated because the Property was sold even though it "was private property and not real property," and agents representing the City and County were not properly trained in the collection of delinquent taxes. (*Id*. at 2-3.) Tax sales to collect delinquent taxes are expressly authorized by the Texas Tax Code, however. Tex. Tax Code Ann. §§ 33.41, 33.53. The Property was sold following a lawsuit by the County and other taxing authorities to collect delinquent taxes, penalties, and interest owed on it by Plaintiff. *See Dallas Cty. et. al v. Jarrod C. Hammonds*, No. TX-16-01886 (95th Dist. Ct., Dallas County, Tex. Oct. 27, 2016).[5] Because "[t]he tax sale in question was used to recoup unpaid property taxes," it is "tantamount to the collection of a tax." *Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 3235665, at *2 (citing *Rafaeli, LLC v. Wayne Cty.*, No. 14-13958, 2015 WL 3522546, at *10 (E.D. Mich. June 4, 2015)), *adopted by*, 2018 WL 3222921 (N.D. Tex. July 2, 2018). Plaintiff's lawsuit therefore "constitutes impermissible interference with the state tax system" because it "necessarily seeks to hinder the collection of taxes." *Id*. (citing *ANR Pipeline Co. v. La. Tax Comm'n*, 646 F.3d 940, 946 (5th Cir. 2011)); *see also Dillon v. Mississippi*, 376 F. App'x 421, 424 (5th Cir. 2010) (per curiam) ("Appellants expressly seek declaratory and injunctive relief . . . , as

---

[5] Judicial notice of the filings in Dallas County District Court may be taken, as they are matters of public record. *See Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings"); *see also Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *7 (N.D. Tex. Sept. 30, 2005) (taking judicial notice of a plaintiff's prior case).

well as compensatory and punitive damages for past improper tax assessments. These are precisely the kinds of relief barred by the Act."). Accordingly, "unless Texas fails to supply a plain, speedy, and efficient remedy for Plaintiff['s] claims," jurisdiction over this action is lacking. *Id.* (citing *ANR Pipeline Co.*, 646 F.3d at 947).

A state remedy need only be "adequate" in order to satisfy the requirements of the Act. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1012 (5th Cir. 1998)). A state remedy is adequate where it provides the plaintiff "with a complete judicial determination that is ultimately reviewable in the United States Supreme Court." *Home Builders*, 143 F.3d at 1012. The Fifth Circuit has determined "that Texas provides a 'menu of remedies' that satisfy the [Act's] requirements, and Plaintiff[] do[es] not argue to the contrary." *Stewart*, 2018 WL 3235665, at *3 (citing *Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. 1982)); *see also Scott*, 2002 WL 1798912, at *2 ("Texas law provides procedural vehicles that afford taxpayers the opportunity to raise their serious federal constitutional questions.") (collecting cases). Additionally, "[w]hether the time for pursuing such remedies has lapsed is immaterial to the Court's query—all that matters is that the remedies did exist." *Stewart*, 2018 WL 3235665, at *3 (citing *Daytona Beach Racing & Recreational Facilities Dist. v. Volusia Cty.*, 579 F.2d 367, 369 (5th Cir. 1978) (per curiam)).

Because Plaintiff seeks relief that "would disrupt the administration of Texas' tax system, and a plain, speedy, and efficient remedy is available to [him] in state court, the [Act] divests this Court of subject matter jurisdiction over [his] claims." *Id.* Accordingly, Plaintiff's claims against all Defendants should be dismissed without prejudice for lack of subject matter jurisdiction.[6] *See*

---

[6] The City and the John Doe defendants have not moved to dismiss any claims against them, and it does not appear that the City has been served with process. Nevertheless, the claims against them may be *sua sponte* dismissed for the same reasons as those against the County and Coordinator.

7

*id*.; *Scott*, 2002 WL 1798912, at *2 (dismissing claims for monetary damages and injunctive relief for lack of subject-matter jurisdiction based on the Act).[7]

### III. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**, and Plaintiff's claims against them should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.[8] His claims against the remaining defendants should be *sua sponte* **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**SO RECOMMENDED** on this 28th day of December, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] As noted, Plaintiff also cited to 18 U.S.C. §§ 241–42, 654, 1341; 15 U.S.C. § 1122; the RICO Act; the Clayton Act; and the Sherman Act in his amended complaint, but he later clarified that this is only an action under § 1983. (docs. 37; 41.) Even if he intended to assert claims under those statutes, subject matter jurisdiction would still be lacking because "the bar to federal jurisdiction does not depend on the federal statute or constitutional provision that the tax law allegedly violates; rather, jurisdiction depends on whether the relief sought requires the federal court to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law[.]'" *Dillon*, 376 F. App'x at 424 (alteration in original) (citations omitted).

[8] Defendants request attorneys' fees in their reply. (doc. 47 at 6.) In a suit to enforce § 1983, the court may, in its discretion, grant the prevailing party reasonable attorneys' fees and related expenses. *See* 42 U.S.C. § 1988(b). While a prevailing plaintiff in a § 1983 action is usually entitled to an award of fees under § 1988, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (citation omitted). To the extent that Defendants seeks attorneys' fees, they may file a post-judgment request under Federal Rule of Civil Procedure 54(d)(2) that also complies with the applicable Local Civil Rules for the Northern District of Texas.

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                                 _____
                                                                                                                  IRMA CARRILLO RAMIREZ
                                                                                        UNITED STATES MAGISTRATE JUDGE